UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :
UNITED STATES OF AMERICA
                :    CONSENT PRELIMINARY ORDER
     - v. -             OF FORFEITURE/
                :    MONEY JUDGMENT
RAMEL DECKARD
                :    24 Cr. 152 (DEH)
     Defendant.
                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about March 18, 2024 (the "Defendant"), and others, were charged in an Indictment, 24 Cr. 152 (DEH) (the "Indictment"), with, *inter alia*, Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count Two) and firearm use, carrying and possession in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii) and 2 (Count Five);

        WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

        WHEREAS, on or about July 22, 2025, the Defendant pled guilty to Count Two and Count Five of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, a sum of money equal to $2,120 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,120 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney, Meredith Foster of counsel, and the Defendant, and his counsel, Benjamin Silverman, Esq., that:

1.  As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $2,120 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, RAMEL DECKARD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____       11/25/25
MEREDITH FOSTER                            DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2310


RAMEL DECKARD

By: _____       11-25-25
RAMEL DECKARD                              DATE


By: _____       11/25/25
BENJAMIN SILVERMAN, ESQ.                   DATE
Attorney for Defendant
224 West 30th Street, Suite 302
New York, New York 10001


SO ORDERED:

_____            11/25/25
HONORABLE DALE E. HO                       DATE
UNITED STATES DISTRICT JUDGE